UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-MC-22441-KMM/LOUIS

TEMPUR-PEDIC NORTH AMERICA, LLC;
SEALY MATTRESS MANUFACTURING
CO., LLC; AND COMFORT
REVOLUTION, LLC,

    Plaintiffs/Judgment Creditors,
v

SOS FURNITURE CO., INC. AND
MATTRESS ONE, INC.,

    Defendants/ Judgement Debtors.
_____/

NAVARRO HERNANDEZ, P.L.,

    Garnishee.
_____/

**REPORT AND RECOMMENDATION**

**THIS MATTER** comes before the Court on Plaintiff/Judgment Creditor Tempur-Pedic North America, LLC's ("Tempur-Pedic" or "Plaintiff") Motion for Summary Judgment (ECF No. 47). This Motion was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, Chief United States District Judge for the Southern District of Florida (ECF No. 48). Having reviewed the Motion, the Affidavit and Supporting Memorandum filed in opposition by London Investments, LLC (ECF No. 50), and being otherwise duly appraised on the matter, the undersigned respectfully **RECOMMENDS** Plaintiff's Motion for Summary Judgment (ECF No. 47) be **DENIED** as follows.

1

## I. BACKGROUND

### A. Factual Background[1]

Plaintiffs initiated this suit as a registration of a foreign judgment, which was entered in favor of Plaintiffs and against Defendants in the Eastern District of Kentucky (ECF No. 1). On October 22, 2020, a writ of garnishment was issued by the Clerk of this Court and served upon the law firm of former counsel for Defendant Mattress One, Inc. ("Mattress One"), Navarro Hernandez, P.L. d/b/a Navarro McKown ("Navarro McKown") (ECF Nos. 43-44). Navarro McKown answered the writ on October 26, 2020, and stated that it was holding $100,119.85 (ECF No. 45). As explained in Plaintiff's Motion, multiple judgment creditors of Defendant Mattress One have also served writs of garnishment arising from other lawsuits upon Navarro McKown. Because Plaintiff's Motion seeks a determination of priority of those writs, the relevant lawsuits are summarized below.

#### a. *Sunshop Properties, LLC., v. Mattress One, Inc.*

The first competing judgment was entered in favor of Sunshop Properties, LLC ("Sunshop"), which filed suit against Mattress One on August 18, 2018, in the Eleventh Judicial Circuit of Miami Dade, Florida (Case No. 2018-031741-CA-01). According to Plaintiff, on November 6, 2018, a default judgment was entered in favor of Sunshop against Mattress One. A writ of garnishment was then served upon Wells Fargo Bank on November 26, 2018. Wells Fargo Bank duly answered the writ of garnishment stating that it was holding a total of $100,119.85 in

---

[1] Tempur-Pedic did not contemporaneously file a Statement of Material Facts along with its Motion for Summary Judgment, as required by Local Rule 56.1. This alone is grounds for denial, without prejudice. Instead, Plaintiff included "undisputed" facts within its Motion for Summary Judgement, which Plaintiff claims to be evidenced by the dockets in four separate cases pending against Mattress One, but provides no other evidence in support (ECF No. 47 at 2-6). Nor has Plaintiff requested that the Court take judicial notice of these dockets. As such, the factual background includes unsupported facts as averred by Plaintiff and, where indicated, the evidence advanced by London in opposition.

the account of Mattress One (*id.*). On January 5, 2019, the circuit court entered a final judgment in garnishment directing that the garnished funds were to be paid to Sunshop (*id.*).

Plaintiff states that on January 17, 2019, Mattress One filed an emergency motion to vacate the final judgment, which was denied by the court on February 7, 2019 (*id.*). An appeal was taken, and on November 20, 2019, the Third District Court of Appeal reversed the denial of the motion to vacate and directed the trial court to vacate the final judgment and quash the writ of garnishment. *See Mattress One, LLC v. Sunshop Properties, LLC*., 282 So. 3d 1024 (Fla. 3rd DCA 2019). On January 14, 2020, pursuant to the appellate court's order, the circuit court vacated the final judgment and quashed the writ of execution (ECF No. 47 at 3). According to Plaintiff, the circuit court ordered that the improperly garnished funds of Mattress One, totaling $100,119.85 (the "Funds"), were to be held in the "Navarro McKown Trust Account pending further order from the court" (*id.*).

### b.  *London Investments, LLC v. Mattress One, Inc.*

Second to obtain a judgment against Mattress One was London Investments, LLC ("London"), which filed suit against Mattress One on March 7, 2018, in the Eleventh Judicial Circuit of Miami Dade, Florida (Case No. 2018-007279-CA-01). Plaintiff states that final judgment was entered in favor of London on September 17, 2019, and London obtained a writ of garnishment directed to the Garnishee, Navarro McKown on July 10, 2020 (ECF No. 47 at 4). On August 18, 2020, Navarro McKown filed its answer (*id.*). Plaintiff contends that on October 23, 2020, Tempur-Pedic filed a motion to intervene in the London action, and to dissolve the July 10, 2020, writ of garnishment (*id.* at 5). On November 3, 2020, London obtained a new writ of garnishment directed to Navarro McKown (*id.*). Navarro McKown filed its answer to the second writ on November 17, 2020 (*id.*).

### c. *Jamestown Doral Commons, LP v. Mattress One, Inc*.

Finally, Jamestown Doral Commons, LP ("Jamestown") filed suit against Mattress One on November 8, 2018, in the Eleventh Judicial Circuit of Miami Dade, Florida (Case No. 2018-037903-CA-01). According to Plaintiff, final judgment was granted in favor of Jamestown on November 26, 2019 (ECF No. 47 at 5). On January 2, 2020, a writ of garnishment was issued against Sunshop, who filed its answer on January 13, 2020 (*id.*). However, Plaintiff claims that Jamestown did not move for final judgment in garnishment within six months of issuance of the writ (*id.*).

### B. Procedural Background

Tempur-Pedic filed this Motion for Summary Judgment on January 12, 2021, asking the Court to determine the priority of the competing claims of entitlement to garnish the Funds. Plaintiff avers that it has priority over other judgment creditors because its writ of garnishment first attached to the Funds (ECF No. 47 at 11). Plaintiff challenges the validity of London's earlier-served writ, arguing that "London Investments did not file or serve the statutorily required notices pursuant to §§ 77.041 or 77.055, Florida Statutes, thereby voiding the July 10, 2020 writ of garnishment" (ECF No. 47 at 5).

London Filed an Affidavit and supporting Memorandum to establish its priority as a competing garnishor against Plaintiff Tempur-Pedic (ECF No. 50). London explains that on January 10, 2020, London served Sunshop with a writ of garnishment (ECF No. 50 at 3). However, after the Third District Court of Appeals ordered Sunshop to remit the Funds to the Navarro McKown Trust Account, London served Navarro McKown with a writ of garnishment in July of 2020 (*id.* at 3). London claims that its July 10, 2020, writ of garnishment is not void because failure to comply with the statutory procedures of Florida Statutes §§ 77.041 and 77.055 is not a basis to

4

dissolve a writ of garnishment, and thus London's writ of garnishment attached to the Funds first.

## II. APPLICABLE LAW

### A. Summary Judgment

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact or issue is material for purposes of summary judgment only if it might affect the outcome of the suit under the governing law. *Webb v. Carnival Corp.*, No. 15-CV-24230, 2017 WL 10795681, at *2 (S.D. Fla. Jan. 13, 2017).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Further, in addressing whether the moving party has satisfied this burden, the court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party." *Corpofin, C.A. v. Santaella*, No. 96-1679, 2001 WL 36086786, at *1 (S.D. Fla. Nov. 23, 2001) (addressing a motion for summary judgment on a writ of garnishment).

After the movant has met its burden under Rule 56(c), the burden of production shifts, and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the record presents issues of material fact, the court must deny the motion. *Corpofin, C.A.*, 2001 WL 36086786, at *1.

### B. Garnishment Proceedings

The foreign judgment entered in Plaintiff's favor was registered with the Southern District of Florida pursuant to 28 U.S.C. § 1963, which allows this court to enforce this judgment in the

same manner as a judgment entered in this district. Under Federal Rule of Civil Procedure 69(a)(1), "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." *See also Fehlhaber v. Fehlhaber*, 664 F.2d 260, 262 (11th Cir. 1981). Thus, Florida law applies.

Under Florida law, "[e]very person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment." Fla. Stat. § 77.01. "Service of the writ shall make garnishee liable for all debts due by him or her to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control at the time of the service of the writ or at any time between the service and the time of the garnishee's answer." Fla. Stat. § 77.06. Once the garnishee answers the writ, judgment against the garnishee shall be entered in the amount of his or her liability as disclosed by the answer. Fla. Stat. § 77.083.

However, "[i]f any person other than defendant claims that the debt due by a garnishee is due to that person and not to defendant, or that the property in the hands or possession of any garnishee is that person's property and shall make an affidavit to the effect, the court shall impanel a jury to determine the right of property between the claimant and plaintiff unless a jury is waived." Fla. Stat. § 77.16.[2] Though, if there is no genuine issue of material fact, a trial is not necessary to make such a determination. *Milliken & Co. v. Haima Grp. Corp.*, 654 F. Supp. 2d 1374, 1376 (S.D. Fla. 2009) ("[d]espite the fact that Fla. Stat. § 77.16(1) suggests that a [ ] trial is required . . . . Florida Garnishment statutes are still subject to all applicable Federal Rules of Civil Procedure (including Rule 56), when there are no genuine issues of material fact, summary judgment is

---

[2] London has waived its right to trial by jury but requests a trial pursuant to § 77.16 (ECF No. 51).

appropriate."); *see also Tortuga Marine Salvage Co. v. Hartford Accident and Indemnity Co.*, 171 So.2d 54, 55 (Fla. 3d DCA 1965) (finding that Fla. Stat. § 77.16 "does not vitiate all other rules applicable to the determination of claims and if the facts of a particular case warrant, a summary ruling on the question of title to the garnished property is appropriate").

In determining the right of property between plaintiff and another judgment creditor who obtained a writ of garnishment, priority is given based on the date the respective writs were served. That is because under Florida law, "[s]ervice of the writ creates a lien in or upon any such debts or property at the time of service or at the time such debts or property come into the garnishee's possession or control." Fla. Stat. § 77.06; *see also In re Engler*, 394 B.R. 598, 604 (Bankr. M.D. Fla. 2008) ("It cannot be denied that Fla. Stat. § 77.06(1) provides that the service of a writ creates a lien which attaches to the property at the time of service."). Furthermore, Florida Statute § 30.30 states that "the plaintiff's writ shall have priority over any writs levied subsequent to the date upon which the plaintiff's writ was delivered to the sheriff." Thus, to be entitled to final summary judgment, Plaintiff must show that it was first to serve a writ of garnishment that attached a lien upon the Trust.

### III.   ANALYSIS

According to Plaintiff's Motion, "[t]he sole legal issue for this Court to determine is priority of the claim" or, stated differently, "which writ garnishment first attached to the funds at issue" (ECF No. 47 at 2). Plaintiff avers that it obtained a valid garnishment lien upon the Funds on October 26, 2020; that London Investments obtained a garnishment lien on November 11, 2020; and that neither Sunshop, nor Jamestown Doral Commons possess a valid garnishment lien (ECF No. 47 at 10). Accordingly, Plaintiff contends that it "holds a first lien on the garnished funds and is entitled to a final judgment in garnishment against the Garnishee" (*id*. at 11). This argument,

however, is based on the assumption that the writ of garnishment that was served on behalf of London on July 10, 2020, is dissolved or void.

Plaintiff's Motion asserts that "London Investments did not file or serve the statutorily required notices pursuant to §§ 77.041 or 77.055, Florida Statutes, thereby voiding the July 10, 2020 writ of garnishment" (ECF No. 47 at 5). Plaintiff cites to no statute or case law that supports this proposition. By contrast, competing garnishor London argues that courts in the Southern District have previously found that the failure to provide notice under Florida Statute § 77.055 does not provide a sufficient basis to dissolve a writ of garnishment, citing in support *Solorzano v. M.I. Quality Lawn Maint.*, Inc., No. 10-20975-CIV, 2013 WL 12244290, at *2 (S.D. Fla. Dec. 16, 2013). As the *Solorzano* court explained, Florida's statutory scheme provides two mechanisms for dissolving writs; first, pursuant to Florida Statute § 77.041(3), an automatic dissolution of the writ is required when a party fails to properly object to a claim of exemption; and second, a defendant may obtain dissolution by motion pursuant to Florida Statute § 77.07(1).[3] 2013 WL 12244290, at *2. According to the *Solorzano* court, a motion to dissolve a writ that is predicated on deficient notice "fails to advance a basis for dissolution under §§ 77.041(3) or 77.07." 2013 WL 12244290, at *2. This undermines Plaintiff's argument that London's writ is "void," if vulnerable to a motion to "dissolve."[4] Plaintiff filed no reply or response to London's affidavit and memorandum.

Nor has Plaintiff adduced any evidence that London's writ was in fact dissolved. Though Plaintiff claims it filed a motion to intervene and dissolve the July 10, 2020 writ (ECF No. 47 at

---

[3] Florida Statute § 77.07 also provides that "[i]f the plaintiff fails to file a dismissal or motion for final judgment within 6 months after filing the writ of garnishment, the writ shall automatically be dissolved and the garnishee shall be discharged from further liability under the writ." Fla. Stat. § 77.07(5). As such, the writ filed on behalf of Jamestown in January 2020 would have automatically dissolved based on its failure to move for final judgment in garnishment within six months of issuance of the writ.
[4] While both the Florida statute and cases applying contemplate dissolving a writ, Plaintiff provided no support for its contention that a writ may be "void." *See* Fla. Stat. § 77.07.

8

5), the instant Motion fails to show that this motion to intervene and dissolve was ever granted or that the court otherwise dissolved the writ. In contrast, in its Affidavit and supporting Memorandum, London disputes that the July 10, 2020 writ of garnishment is void (ECF No. 50). Moreover, London advances proof that it cured the notice deficiencies on which Plaintiff's argument is premised by sending the required notice to defendant and other interested parties on August 18, 2020[5] (ECF No. 50 at 15) and a notice of service on January 8, 2021 (*id.* at 23).

Finally, Plaintiff relies on the fact that London served a new writ upon Navarro McKown in November 2020 to support its contention that it holds a first lien on the garnished funds. While it is not clear from the record why this new writ was served, Plaintiff has failed to provide any support that its service voided the July writ. Another court to consider this scenario did not reach the conclusion Plaintiff here urges, that is, that a subsequently served writ voids an earlier one. In *Dinh v. Motorcars Of Distinction, Inc.*, No. 09-81071-MC, 2009 WL 3096459, at *2 (S.D. Fla. Sept. 23, 2009), for example, the court described the procedural background of the case, in which the plaintiff served writs of garnishment and the defendant then filed motions to dissolve the writs. However, before the motions to dissolve were ruled upon, the plaintiff served a new writ that cured any deficiencies raised in the motions. *Id.* The plaintiff then consented to the motions to dissolve "and the [c]ourt dissolved the writs." *Id.* The writs did not automatically dissolve by the filing of the new writ; the court had to dissolve them. Plaintiff herein has offered no evidence that the *London* court dissolved the July 2020 writ and no legal support for the argument that the writ may be void (or dissolved) in the absence of a court order dissolving it. Indeed, other Florida courts have recognized that the service of a writ that is identical to a writ previously served can relate back to the date of service of the initial writ, *see Stansell v. Revolutionary Armed Forces of*

---

[5] Navarro McKown answered the writ on the same day (ECF No. 50 at 17).

*Colombia* (FARC), No. 8:09-CV-2308-T-26MAP, 2013 WL 12145045, at *2 (M.D. Fla. May 6, 2013); this again suggests that, contrary to Plaintiff's argument, London's July 2020 writ is presumptively valid absent proof to the contrary.

Because Plaintiff's contention that it "holds a first lien on the garnished funds and is entitled to a final judgment in garnishment against the Garnishee" is necessarily predicated on London's July 2020 writ having been "voided" or dissolved, and because Plaintiff has failed to show that London's July 2020 writ was in fact voided or dissolved, Plaintiff's Motion for Summary Judgment should be denied.

## IV.   CONCLUSION

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, Chief United States District Judge of the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers this on this 8th day March, 2021.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE