UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-mc-22441-KMM

TEMPUR-PEDIC NORTH AMERICA, LLC;
SEALY MATTRESS MANUFACTURING
CO., LLC; AND COMFORT
REVOLUTION, LLC,

    Plaintiffs/Judgement Creditors,
v.

SOS FURNITURE CO., INC. AND
MATTRESS ONE, INC.,

    Defendants/Judgement Creditors.
                                          /

NAVARRO HERNANDEZ, P.L.,

    Garnishee.
                                          /

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff/Judgement Creditor Tempur-Pedic North America LLC's ("Plaintiff") Motion for Summary Judgement. ("Mot.") (ECF No. 47). Therein, Plaintiff moves for summary judgment on its claims seeking to determine the priority of competing claims of entitlement to garnish certain funds. *See generally* Mot. Defendant London Investments, LLC ("London") filed an affidavit, which the Court has construed as a response, which: (1) challenges Plaintiff's assertion that it has priority as to certain funds, and (2) seeks to assert priority over the funds for itself. ("Resp.") (ECF No. 50). The Court referred the matter to the Honorable Lauren F. Louis, United States Magistrate Judge (ECF No. 48), who issued a Report and Recommendation recommending that Plaintiff's Motion be DENIED. ("R&R") (ECF No.

52). The Parties did not file objections to the R&R and the time to do so has passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The issue presented in Plaintiff's Motion is whether the Writ of Garnishment that it served upon Garnishee Navarro Hernandez, P.L ("Navarro") has priority over a Writ of Garnishment served on Navarro by London (the "July Writ"). *See generally* Mot. In its response, London disputes the bases upon which Plaintiff asserts the July Writ is dissolved or void. *See* Resp. at 6–7.

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56). A genuine issue of material fact exists when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986) (citation omitted).

Here, Magistrate Judge Louis has found that "because Plaintiff has failed to show that London's July 2020 writ was in fact voided or dissolved, Plaintiff's Motion for Summary Judgment should be denied." R&R at 10. As set forth in the R&R, Magistrate Judge Louis makes the following findings. First, Plaintiff has failed to demonstrate that the July Writ is dissolved or void. *Id*. at 8. Second, Plaintiff cites no law or statute for the proposition that the July Writ is void for failure to serve notices pursuant to Fla. Stat. §§ 77.041 or 77.055. *Id*. at 8. Third, to the contrary, other courts have found that "the failure to provide notice under Florida Statute § 77.055 does not provide a sufficient basis to dissolve a writ of garnishment[.]" *Id*. at 8 (citing *Solorzano v. M.I. Quality Lawn Maint., Inc*., No. 10-20975-CIV, 2013 WL 12244290, at *2 (S.D. Fla. Dec.

16, 2013). Fourth, "Plaintiff [has not] adduced any evidence that [the July Writ] was in fact dissolved" and London has provided evidence that it cured the alleged cause of deficiencies upon which the July Writ could be found void. *Id*. at 8–9. Fifth, there is no evidence that a writ served by London upon Navarro in November of 2020 had the effect of voiding the July Writ. *Id*. at 9. Sixth, other courts which have considered the issue of whether subsequent writs have the effect of voiding or dissolving previous writs have found that they do not. *Id*. at 9 (citing *Dinh v. Motorcars Of Distinction, Inc*., No. 09-mc-81071, 2009 WL 3096459, at *2 (S.D. Fla. Sept. 23, 2009)). For these reasons, Magistrate Judge Louis found that Plaintiff has failed to show that the July Writ was in fact voided or dissolved and Plaintiff's Motion should be DENIED. The Court agrees.

Accordingly, UPON CONSIDERATION of the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 52) is ADOPTED, Plaintiff's Motion (ECF No. 47) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this _29th_ day of June, 2021.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record